ZINSSER & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5242. Promulgated October 31, 1930.

*F. G. Fischer, Esq., Laurence A. Tanzer, Esq., J. Craig Peacock, Esq.,* and *John W. Townsend, Esq.,* for the petitioner.
*W. R. Lansford, Esq.,* for the respondent.

OPINION.

TRUSSELL: We can not agree with petitioner's first contention that respondent was in this case without authority to reopen and reconsider-the former determination of its tax liability made by him under section 328 of the Revenue Act of 1918. In *Dallas Brass & Copper Co.*, 3 B. T. A. 856, cited by respondent and involving the reopening of a special assessment, we held that, in the absence of a final closing agreement, the Commissioner may, in his discretion, reopen and

reconsider any taxpayer's liability for income and profits taxes originally decided by him at any time within the period of the statute of limitations. See also *James Couzens*, 11 B. T. A. 1040; *Boston Hide & Leather Co.*, 5 B. T. A. 617. We do not agree with the insistence of counsel for petitioner that the reasoning in *James Couzens, supra*, does not apply to the present case for the reason that the determination of respondent under special assessment is conclusive and not open to attack. The determination in question is not conclusive and is now in controversy in the proceeding here brought by petitioner.

Petitioner's insistence under the second issue is that collection of any deficiency was barred by the provisions of the Revenue Act of 1924. The facts are not in dispute. The assessment of the deficiency determined was made prior to the enactment of the Revenue Act of 1924. Petitioner filed a claim in abatement of this assessment, which was acted upon by respondent on May 4, 1925, petitioner on that date being notified that the claim was allowed for $4,512.93 and denied for $5,014.90, the deficiency herein appealed from.

Section 277 of the Revenue Act of 1924, so far as material here, provides:

(a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279—

\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board.

The return of petitioner was filed August 6, 1920, and the period of five years for assessment and collection provided by section 250 (d) of the Revenue Acts of 1918 and 1921 began to run on that date. *Florsheim Bros. Dry Goods Co.* v. *United States*, 280 U. S. 453. This period would accordingly expire August 6, 1925, and it is admitted that the deficiency in question was determined and assessed

and the appeal therefrom filed with this Board within such period, the assessment being prior to, and the final determination of deficiency and appeal being subsequent to, the enactment of the Revenue Act of 1924.

It is petitioner's contention that paragraph (a) of section 277 of the Revenue Act of 1924, above set out, provided a five-year period for the assessment of these taxes and a five-year period within which suits for collection must be begun, and that paragraph (b) of that section provided merely for an extension of the period for assessment, but has no reference to the period for collection. Petitioner does not deny that had the assessment of the deficiency here in question not been made, the five-year period provided therefor would be extended by reason of the appeal, but insists that the running of the limitation of the statute upon collection was not tolled thereby and that such period expired on August 6, 1925, more than a month after this appeal was filed with the Board.

With this contention we do not agree. Section 277 (a) (2), quoted above, provides a period of five years for assessment, and provides further that "no proceeding in court for the collection of such taxes shall be begun after the expiration of *such period*." We think it clear that the period referred to in the quoted section is the *period provided for assessment;* that the section in question limits the collection by a proceeding in court to the period in which the taxes in controversy may be assessed, and that the extension of such period under paragraph (b) of the section quoted extends it for purposes of collection as well as assessment.

We think that this is the obvious meaning to attach to these provisions. To reach this conclusion does not call for a strained construction, whereas to construe these paragraphs separately and give them the limited meaning contended for by petitioner, we must conclude that Congress provided thereby an additional period for assessment of taxes, collection of which was already barred.

We hold that collection of the taxes in question is not barred by the statute of limitations, the five-year period not having expired at the time the deficiency was determined and this appeal filed with the Board and such period being extended by reason of section 277 (b) (2) of the Revenue Act of 1924.

> *The proceeding will be restored to the calendar under Rule 62 (d) for hearing upon the issue reserved.*